Moses Carr, administrator, *vs.* Nathaniel A. Silloway & others.

A father, by arrangement with his son, made two promissory notes, amounting to nearly the whole value of his estate, payable to the son or order on demand, and gave them to the son, taking in exchange eleven promissory notes made by the son of equal amount in the aggregate, payable to the father or order, three months after date. These eleven he indorsed, addressed severally to different relatives, and deposited with a daughter in a sealed package, with written instructions that it was to be opened a year after his death, if he should not reclaim it in his lifetime. He died intestate, without reclaiming it; and it was opened a year after his death, and the notes distributed. The son indorsed the two notes to a third person. *Held,* that there was no consideration for the two notes; that the instructions to the daughter could not be enforced as a declaration of trust; that the indorsement and delivery of the eleven notes to the daughter was good neither as a gift *inter vivos,* or *causa mortis;* and that the holders of the notes should be enjoined from enforcing them against the intestate's estate.

Bill in equity by the administrator of the estate of Daniel Silloway, Sen., against eighteen persons alleged to be holders of or interested in thirteen promissory notes described in the bill, and praying that the holders of the notes might be enjoined from suing the plaintiff upon them, and that the notes might be given up to be cancelled.

The case, as it appeared from the bill, (the substance of which is stated in 105 Mass. 543), answer, replication and evidence, on which it was reported by *Morton,* J., for the consideration of the full court, was as follows:

On September 24, 1864, the intestate delivered to Daniel Silloway, Jr., two promissory notes, one for $24,500, and the other for $3500, each bearing date of that day, payable on demand to Daniel Silloway, Jr., or order; and in consideration of the delivery of these notes to him, Daniel Silloway, Jr., delivered to the intestate eleven promissory notes, for different sums, amounting in all to $28,000, each dated September 24, 1864, and payable to the intestate or order, three months after date. This exchange took place at the request of the intestate, and after it was completed the intestate informed Daniel Silloway, Jr., that he intended to put the eleven notes delivered to him in envelopes and place the envelopes in a sealed package with directions thereon that after his death the envelopes should be given to those persons whose

names were written thereon. Immediately the intestate indorsed these eleven notes and placed each of them in a separate sealed envelope addressed to some one of his relatives, and put all the envelopes in a sealed package, on which he made the following indorsement : " Special and confidential deposit, with instructions to my depositary. In any event that may happen to me to prevent my call for this sealed deposit, this deposit to be opened by my depositary in one year from said event, or of my death, and each sealed package to be delivered as directed. Each package to be opened in the presence of the depositary, and a record of the contents of each made and delivered to or in presence of Daniel Silloway, Jr. Daniel Silloway." In May 1866, the intestate put this package into the hands of his daughter, Mary A. Bradley, and never demanded it back. He met with an accident in August 1866, from the effects of which he remained insensible till his death in the following September. His estate was inventoried at about $30,000. Daniel Silloway, Jr., petitioned for the benefit of the insolvent laws on December 31, 1863, and obtained his discharge on September 12, 1864 ; and on November 15, 1864, he indorsed to Jesse Thurlow, Jr., for valuable considerations, the two notes which had been delivered to him by his father.

A year after the death of the intestate, Mary A. Bradley opened the sealed package, and distributed the sealed envelopes to the relatives to whom they were respectively addressed, or to the representatives of those relatives. The persons to whom they were so delivered, and Jesse Thurlow, were the defendants to this bill.

Such decree to be entered as the court should think proper.

*B. F. Thomas & J. C. Park*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendants.

BY THE COURT. The only consideration for the two notes given by the intestate to Daniel Silloway, Jr., was in the eleven notes given by the latter to the former. These eleven notes were not intended for use by the intestate during his lifetime. They were separately inclosed, their respective destinations indicated, and a declaration written at the time, setting forth the purposes of the special deposit to be made, and then or afterwards in fact

made of these notes. The intestate never transferred or made any use of the notes otherwise than to deposit them in accordance with that original understanding and arrangement. Taking the whole transaction together it was *nudum pactum*. *Parish* v. *Stone*, 14 Pick. 198. *Loring* v. *Sumner*, 23 Pick. 98. *Hubbard* v. *Barker*, 1 Allen, 99.

For the same reasons the instructions to the depositary would not be enforced as the declaration of a trust.

The indorsement of the notes, and their delivery to Mrs. Bradley, was not good, either as a gift *inter vivos*, or *causa mortis*.

The notes were under the control and remained the property of Daniel Silloway, Sen., at his death. No disposition which he had made of them would operate to give effect and validity to the notes he had given to Daniel Silloway, Jr. Their subsequent distribution was unauthorized and invalid.

The assignee of the two notes from Daniel Silloway, Jr., takes them subject to all original defences. The administrator of Daniel Silloway, Sen., is entitled to defend, either on the grounds of want of consideration, or by a set-off of the eleven notes given in exchange. To make either defence at law effectually, he requires that the other notes be restored to him, that he may surrender them or file them in set-off. But as all parties are now before the court, it will be sufficient if they, and all persons acting or claiming under them, are enjoined from instituting or further prosecuting any action to enforce any of said notes against the estate of Daniel Silloway, Sen.                   *Decree accordingly.*